hGORBATY, J.,
dissents with reasons.
I respectfully dissent.
The jury awarded Joseph Hunter $10,000.00 in damages for physical pain and suffering.' However, when Hunter testified, he failed to recall any physical symptoms he had experienced:
Q. Do you remember any symptoms that you reported to the doctor?
A. I don’t remember. Just anxiety. That is all.
Q. You went for that; is that correct?
A. Uh-huh.
Hunter’s later testimony showed that he was not making a claim for physical pain/ suffering:
Q. ... You’re claiming evacuation, is that correct?
A. Uh-huh.
Q. Because you were forced out of your home?
A. Yes, sir.
Q. And you’re claiming mental distress, or as you describe it, anxiety, up until the time that everything settled down b/t 3 days and a week; is that what you’re saying?
A. Yes, sir.
Q. And you’re claiming lost wages from Deanie’s for the $30.00 a day you would have made?
A. Uh-huh.
Q. And that is the extent of your claim?
A. That is the claim.
Because Hunter stated he was not claiming physical pain and suffering, and offered no evidence of it, the award was erroneous and should be set aside.
IgThe trial judge erred in failing to reduce the award for physical pain and suffering and for medical expenses for several other plaintiffs when there was no evidence introduced to support these awards, as follows:
$20,000.00 for Cleveland Bethley, who had a runny nose and hurting eyes, sore throat, and dizziness for about three days. He took Tylenol and did not see a doctor.
$20,000.00 for Myrtle Tucker. Her representative did not testify regarding physical symptoms. Medical expenses of $2,500.00 were awarded, but there was no evidence introduced to support it.
$15,000.00 for LaShann Freeman who had runny eyes, migraines, fever and dry heaves for three days. Medical expenses of $4,000.00 were awarded, but the record at best supports $200.00.
$15,000.00 for Calvin McGee who testified to nausea, choking and burning eyes.
$10,000.00 for Gregory Atkinson who complained of his chest and stomach hurting for two to four days. He saw a doctor but was never prescribed medication and was treated with Tylenol for a limited time.
$10,000.00 for Jeanette Barden who had itchy eyes, nausea, lack of sleep, headaches, loss of appetite, and sinus problems for three weeks. Medical expenses of $2,000.00 were awarded, but only $841.00 were proven.
$10,000.00 for Glenda Bell who had headaches, nausea, and diarrhea, which cleared up in one to two days.
$10,000.00 to Johnny Brown who had a headache, runny eyes, irritated throat, *19 nausea, and a little rash for one week. He did not see a doctor.
$10,000.00 for Andrew Rondeno who testified that he had burning eyes and itching skin, headaches, and stomach problems. He couldn’t remember how long the symptoms lasted.
| <¡$10,000.00 for Breionne Robinson. Andrea Caston, who testified on her behalf, said she had watery eyes, redness on her neck and stomach, and diarrhea.
$5,000.00 for Dana Paul, who had watery eyes, headaches, and nose and throat burning for a couple of days.
Jacqueline Thomas received $60,000.00 for physical pain and suffering; $25,000.00 for mental anguish; and $15,000.00 for evacuation/ inconvenience. Her total award was approximately ten times the average of the other Phase III awards. According to Quincy Marks, her grandson, she vomited two to three times in the days following the fire. She and her grandchildren (who lived with her) were evacuated for one day after the fire. Further, she expressed to him vague concern about the potential effects of the smoke on her grandchildren’s health. She never complained to him of problems she thought she had as a result of the fire, or said she was concerned about getting cancer from it.
These awards are beyond the amount that a reasonable trier of fact could assess for the effects of the injuries to the plaintiffs. Further, they are inconsistent — in some cases, people who suffered for shorter periods of time were awarded more money than those with similar symptoms for longer periods of time. As such, I would reverse these awards and reduce them accordingly.